**UNITED STATES ex rel. Samuel VALENTINE, Appellant,**

v.

**John L. ZELKER, Warden of Green Haven State Prison, Appellee.**

**No. 1005, Docket 71–1337.**

United States Court of Appeals, Second Circuit.

Argued June 23, 1971.

Decided July 15, 1971.

Before SMITH, HAYS, Circuit Judges, and POLLACK, District Judge.*

John A. Keeffe, New York City, for appellant.

Louis J. Lefkowitz, Atty. Gen. of State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen. and Benton J. Levy, Asst. Atty. Gen., of counsel), for appellee.

POLLACK, District Judge:

This is an appeal by a state prisoner from the denial of an application for a writ of habeas corpus by the United States District Court for the Southern

* Of the Southern District of New York, sitting by designation.

District of New York, Marvin E. Frankel, J. For the reasons set forth below, we affirm.

The issue raised on this appeal is whether the "show up" pretrial identification of the appellant by the victim of the crime was so unnecessarily suggestive and conducive to irreparable mistaken identification that it constituted a violation of due process of law and tainted the in-court identification of the appellant.

Appellant was convicted after trial by a judge without a jury in the Supreme Court, Westchester County, of the crimes of first degree rape, first degree sodomy, second degree assault, and third degree burglary. He was sentenced to concurrent terms of 10–20 years for rape, 10–20 years for sodomy, 2½–5 years for assault, and 5–10 years for burglary.

The conviction was affirmed by the Appellate Division, 32 A.D.2d 822, 302 N.Y.S.2d 983 (2d Dept. 1969), and by the New York Court of Appeals, 26 N.Y.2d 654, 308 N.Y.S.2d 385, 256 N.E.2d 540 (1970). An application for coram nobis relief was denied, and this denial was affirmed by the Appellate Division, Second Department.

The District Court, 322 F.Supp. 440, denied without a hearing the application for a writ of habeas corpus but granted a certificate of probable cause, and this Court appointed counsel for appellant. The claims presented in appellant's petition were raised on direct appeal from his judgment of conviction.

The victim of the crime was a 16 year old baby sitter. Immediately after the incident she called family members, who immediately went to her. The police also arrived shortly thereafter. She described her attacker, and approximately six hours later she was shown the photograph of a man, but said he was not the attacker. Approximately twenty-four hours after the incident she was shown another photograph, which she identified as that of the attacker. She then went to the police station where she observed the appellant in a room wearing the clothes previously described by her as having been those worn by her assailant. The only other person in the room was a uniformed police officer. She immediately identified appellant as being her attacker.

At the trial, 18 months later, the girl identified appellant in open court as the man who attacked her. In addition, her pretrial identification was also admitted at the trial. This evidence was very important to the prosecution since there was conflicting testimony on other key aspects of the case. Appellant claims that the pretrial identification was fundamentally unfair, that the trial identification was tainted by the pretrial identification, and that both should therefore have been excluded at trial.

■ Since the appellant's trial antedated the Supreme Court's decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), which held that the right to counsel applies to pretrial identification procedures, the rule of those cases does not apply here. Instead, the test to be applied is whether under all the circumstances the pretrial identification procedure was so unnecessarily suggestive as to give rise to a very substantial likelihood of irreparable misidentification, so as to constitute a denial of due process. Although "show ups" and limited photographic displays are not favored, they are not per se violative of due process. Each case must be decided on its own facts. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ In a careful analysis of the evidence Judge Frankel weighed the imperfections of the identifications against the factors indicating the reliability of the identifications and ruled that, on balance, there was no such departure from fundamental fairness in this case as to

warrant reversal of the conviction on due process grounds.

In the totality of the circumstances of the pretrial identification, there was little likelihood of misidentification.

We are most impressed by the fact that the girl had a full 30 seconds to view the attacker's face upon first encountering him in the house, and that she had further opportunity to observe him during the time he forced her to go through the house looking for things to steal and during the sexual attack itself.

Furthermore, she was able to give the police a complete description of the man and the clothing he wore. This clothing was found in the appellant's room at the time of his arrest.

Moreover, despite the fact that there was a limited photographic display, the girl did reject the first photo, and the in-person identification, which was instantaneous, was made only a short time after the incident had occurred.

Affirmed.